**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH ZAHL, M.D.<br><br>                    Plaintiff ,<br><br>v.<br><br>JERI L. WARHAFTIG, et. al.,<br><br>                    Defendants. | Civil Action No. 13-1345 (JLL) (JAD)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Plaintiff Kenneth Zahl M.D. ("Plaintiff")'s motion for reconsideration of the Court's March 16, 2015 Order granting Defendants' motion for summary judgment and dismissing Plaintiff's Complaint in its entirety with prejudice. (ECF No. 40). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

## I. BACKGROUND

The facts of this matter were described in this Court's March 16, 2015 Opinion and in the interest of judicial economy the facts will not be restated in this Opinion. On March 30, 2015, Plaintiff filed a Motion for Reconsideration and now seeks reconsideration of this Court's March 16, 2015 Order granting Defendants' motion for summary judgment and dismissing Plaintiff's Complaint in its entirety with prejudice.

## II. LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt. 6(d); *see also Fellenz v. Lombard Investment Corp.*, 400 F.Supp.2d 681, 683 (D.N.J.2005). A motion for reconsideration "may not be used to re-litigate old matters" or argue new matters that could have been raised before the original decision was reached. *See, e.g., P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J.2001). To prevail on a motion for reconsideration, the moving party must "set [ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1.

The Court will reconsider a prior order only where a different outcome is justified by: (1) an intervening change in law; (2) the availability of new evidence not previously available; or (3) a need to correct a clear error of law or manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir.1995). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir.2008) "Thus, a party must ... demonstrate that (1) the holdings on which its bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.,* 161 F.Supp.2d 349, 353 (D.N.J.2001)). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, No. 98–5186, 2008 WL 58820, at *2 (D.N.J.Jan.2, 2008).

## III. DISCUSSION

Plaintiff filed a Complaint in this matter on March 5, 2013, alleging violations of his rights pursuant to the First, Fifth, and Fourteenth Amendments of the United States Constitution, State and Federal RICO claims, and a claim for civil conspiracy. While Defendants initially filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court converted that motion into a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The Court then issued a written opinion on March 16, 2016 granting summary judgment for Defendants. The Court found that Plaintiff was precluded from re-litigating the claims arising from *Zahl* I and *Zahl* II because the claims were barred by the doctrine of claim preclusion and by this Court's previous *Younger* abstention. *Zahl v. Warhaftig,* No. 13-01345 (D.N.J. March 16, 2015). Plaintiff now seeks reconsideration, or to alter or amend the Court's March 16, 2015 dismissal with prejudice, in addition to recusal of Judge Linares, Magistrate Judge Dickson and Deputy Attorney General ("DAG") David Puteska.

The Court denies Plaintiff's motion for reconsideration as it fails to satisfy the requirements of Fed. R. Civ. P. 59(e) and Local Rule 7.1(i). Here, Plaintiff fails to identify any matters or decisions that have been overlooked by this Court. Instead, Plaintiff merely echoes the same factual allegations that have previously been considered by this Court. While it is true that the Court does not mention Plaintiff's argument that Defendants electronically tampered with the ALJ's decision in the *Zahl II* matter, it is also true that the Court was not considering the merits of Plaintiff's claims. Instead, the Court found that Plaintiff's claims were barred by the doctrine of claim preclusion and by the Court's previous *Younger* abstention. Despite this, Plaintiff continues to argue that his Complaint was well pleaded, as opposed to asserting any clear error of law in the Court's findings of claim preclusion and Younger abstention. It "is improper on a motion for reconsideration to ask the Court to rethink what it has already thought through,

whether rightly or wrongly[.]" *S.C. v. Deptfod Twp. Bd. of Educ.*, 248 F.Supp. 2d 368, 381 (D.N.J. 2003). Therefore, Plaintiff's motion is denied.

Similarly, Plaintiff argues that DAG Puteska must be disqualified under New Jersey Rule of Professional Conduct ("NJ RPC") 3.7 because he is likely to be a necessary witness at trial. Yet, as Defendants correctly note, Plaintiff fails to provide any rational explanation as to how or why DAG Puteska is likely to be a necessary witness in this case. Without a further legal and rational explanation, nothing warrants DAG Puteska's disqualification.

Furthermore, Plaintiff argues that both Judge Linares and Magistrate Judge Dickson should disqualify themselves under 28 U.S.C. § 455(a). "The test for recusal under 28 U.S.C. § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 224 (3d Cir. 2003). While it is apparent that Plaintiff disagrees with many rulings that Judge Linares and Judge Dickson may have made throughout this matter, "[a]dverse rulings alone generally do not constitute a sufficient basis for holding that a judge's impartiality is in doubt." *In re Rouse*, 582 Fed. Appx. 132 (3d Cir. 2014). Therefore, because Plaintiff offers no evidence of an extrajudicial source of bias, there is nothing before the Court which warrants the recusal of both Judge Linares and Judge Dickson.

## IV. CONCLUSION

Plaintiff has not met the high standard required to achieve success on a motion for reconsideration. For the reasons stated in this Opinion, Plaintiff's motion for reconsideration is denied. An appropriate Order accompanies this Opinion.

Date: June 8, 2015

_____
Jose L. Linares
United States District Judge